# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                                )
      v.                         )         ID No.       2105012268
                                )
CARLYLE BRATHWAITE,         )
                                )
      Defendant.              )

## ORDER

1.  On this 3rd day of January, 2024, upon consideration of Defendant Carlyle Brathwaite's ("Defendant") *pro se* Motion for Sentence Reduction made pursuant to Superior Court Criminal Rule 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On July 29, 2022, Defendant pled guilty to Manslaughter.[2] On August 10, 2022, the Court sentenced him to twenty years of Level V supervision, suspended after eight years for six months of Level IV supervision, followed by one year of Level III supervision.[3]

3.  On September 26, 2023, Defendant filed the instant Motion, in which he asks this Court to immediately release him from incarceration to Level IV or Level III supervision.[4]

---

[1] D.I. 23. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks the Court to reduce the duration of his sentence.
[2] D.I. 21.
[3] D.I. 22.
[4] D.I. 23.

4. In support of the Motion, Defendant states that (1) he has participated in programs and obtained his GED while incarcerated; (2) his criminal conduct was performed in self-defense; (3) he plans to leave the geographic area and its influences to go work with his father; and (4) he plans to continue participating in counseling to become a productive member of society.[5]

5. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." Motions for sentence reduction filed after ninety days will only be considered in "extraordinary circumstances."[6] Regardless, the Court does not consider "repetitive requests for reduction of sentence."[7]

6. The Motion is Defendant's first motion to reduce his sentence, so it is non-repetitive. However, Defendant's Motion is procedurally barred as untimely. Defendant filed the Motion more than ninety days after August 10, 2022, when the Court sentenced him for Manslaughter. After reviewing the Motion, sentence, and

---

[5] *Id.*
[6] *State v. Lee*, 2022 WL 17038153, at *1 (Del. Super. Nov. 15, 2022) ("The moving defendant bears a 'heavy burden' to establish 'extraordinary circumstances' in order to uphold the finality of sentences."). Extraordinary circumstances exclude "[m]itigating factors that could have been presented at sentence, exemplary conduct, [and] successful rehabilitation while incarcerated." *State v. Bednash*, 2020 WL 2917305, at *2 (Del. Super. June 3, 2020).
[7] Super. Ct. Crim. R. 35(b). Hence, a repetitive Rule 35(b) motion for sentence reduction is "procedurally barred from consideration." *State v. Smith*, 2023 WL 4675502, at *1 (Del. Super. July 20, 2023).

2

record in this case, the Court finds no extraordinary circumstances that would justify waiving the ninety-day filing deadline.

7. Further, Defendant's Manslaughter conviction is associated with a minimum mandatory sentence of two years of Level V supervision.[8] Consistent with this minimum mandatory sentence, the Court cannot order that Defendant be immediately released. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Carlyle Brathwaite (SBI #00656653)

---

[8] 11 *Del. C.* § 4205(b)(2).